UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ZAYMOND MCGEE,   } | |
| } | |
| Petitioner,   } | |
| } | |
| v.   } | Case No.: 2:19-CV-08035-RDP |
| } | 2:17-CR-00479-RDP-SGC |
| UNITED STATES OF AMERICA,   } | |
| } | |
| Respondent.   } | |

**MEMORANDUM OPINION**

Before the court is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 10). The motion has been fully briefed. (Docs. # 10, 13). After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.      Background**

Petitioner pleaded guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. # 57 at 1). On July 17, 2018, the court entered judgment against Petitioner and sentenced him to a term of eighty-four months. (*Id*. at 1-2). Petitioner had previously been convicted of the following felonies in the state of Alabama: first-degree robbery, third-degree burglary, and second-degree possession of a forged instrument. (Doc. # 13 at 6). Petitioner's first-degree robbery conviction resulted in a 115-month sentence of which he actually served two years before being placed on probation. (*Id*.).

On September 16, 2019, Petitioner filed a motion to vacate based on ineffective assistance of counsel. (Doc. # 1). The court held an evidentiary hearing and denied the motion. (Doc. # 11 at 1).

At the evidentiary hearing, Petitioner filed an amended § 2255 motion, arguing that his sentence should be vacated based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.*). In the amended motion, Petitioner contends that *Rehaif* entitles him to relief because he lacked independent knowledge that he was previously convicted of a felony and, therefore, was actually innocent of the charge under § 922(g)(1). (Doc. # 10 at 4-5).

## II.     Standard of Review

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.    Analysis

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm

or ammunition. Before *Rehaif*, the government was required to prove that: (1) the defendant "knowingly possessed a firearm," (2) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, the Court in essence extended the knowledge requirement to the second factor. 139 S. Ct. at 2200. So, after *Rehaif*, the government must prove that the defendant "*knew* he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession.[1] *Id.* (emphasis added). For the reasons discussed below, the court concludes that Petitioner's motion is due to be denied.

### A.   Timeliness

Title 28 U.S.C. § 2255(f) provides the limitations period for a petitioner to file a motion to vacate, correct, or set aside sentence. The section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] "*Rehaif* only requires that the government prove that a defendant knows he is a felon. It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm." *Lackland v. United States*, No. 2:08-CR-219-CLM-GMB, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021) (internal citation omitted).

3

28 U.S.C. § 2255(f). A petitioner generally must file such a motion within one year of the date on which the judgment of conviction becomes final in accordance with subsection (f)(1). However, in an initial petition based on a *Rehaif* argument,[2] the Eleventh Circuit has applied subsection (f)(3). *Compare Seabrooks v. United States*, 32 F.4th 1375, 1383 (2022) (holding that the new rule of law articulated in *Rehaif* applied retroactively to an *initial* petition) *with In re Palacios*, 931 F.3d 1314, 1314-15 (11th Cir. 2019) (on review of an application to file a second or successive petitioner, holding that *Rehaif* did not announce a new rule of constitutional law and even if so the rule was not made retroactive to cases on collateral review). The Supreme Court published *Rehaif* on June 21, 2019, and Petitioner filed the pending motion on January 21, 2020. (Doc. # 10). Thus, the motion is timely.

### B. Procedural Default

Generally, before presenting a claim in a § 2255 motion, a petitioner must advance an available challenge to a criminal conviction or sentence on direct appeal. *Lynn*, 365 F.3d at 1234. If a petitioner fails to raise the argument on direct appeal, then it is considered procedurally defaulted. *See generally Carlyle v. United States*, 836 F. App'x 780 (11th Cir. 2020) (applying the procedural default rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural default only in two circumstances: when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley v. United States*, 523 U.S. 614, 622 (1998).

---

[2] A motion is considered second or successive only if "it follows an application that was previously disposed of in a 'judgment on the merits.'" *Griham v. United States*, 389 F. Supp. 3d 986, 990-91 (N.D. Ala 2019) (quoting *Boyd v. United States*, 754 F.3d 856, 857 (11th Cir. 2011). Here, the pending motion (although filed second in time) is considered an initial petition because Petitioner filed it as an amendment to his original petition before the original had been disposed of on the merits.

Here, Petitioner did not raise his *Rehaif* argument on direct appeal. Rather, Petitioner presents the argument for the first time in his amended motion to vacate, and the government has not waived procedural default. (*See* Doc. # 13 at 3-6). Therefore, the court must determine whether Petitioner has shown that one of the exceptions to procedural default applies here. *Id.* He has not.

### i. Cause and Prejudice

Petitioner did not address cause and actual prejudice in his amended motion. (*See* Doc. # 10). That alone is enough to dispose of the first exception because Petitioner shoulders the burden of proof. He is also required to present specific factual assertions to substantiate each claim in a § 2255 motion. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("[S]ection 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading.'"). However, here, as the court explains more fully below, neither cause nor actual prejudice are present in the record.

In his amended motion, Petitioner alludes multiple times to jury instructions. (*See* Doc. # 10 at 3, 5). However, there were no jury instructions in this case. Petitioner pleaded guilty to a violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. # 57 at 1). It appears that Petitioner is attacking either the factual basis for his guilty plea or the voluntariness of the plea. In either circumstance, Petitioner cannot show cause or prejudice to overcome the procedural default.

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S. at 622-23 (citing *Reed v. Ross*, 468 U.S. 1, 16, (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim

5

on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020).

Although *Rehaif* was decided after Petitioner's judgment became final, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). "'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception' to the procedural default rule." *United States v. Easley*, No. CR 1:15-00243-KD-B, 2021 WL 2653252 at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, No. 19-24903, 2020 WL 5803327 at *3 (S.D. Fla. Sept. 8, 2020). Therefore, Petitioner cannot show cause to overcome procedural default.

But even if Petitioner had properly presented the argument (he has not), and even if he could show cause (which, again, he cannot), there is no evidence in the record of actual prejudice. To establish actual prejudice, the petitioner "must show that the error worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948 F.3d at 1297). "The government's obligation to prove knowledge is not 'burdensome,' and it may be inferred from circumstantial evidence." *Id.* (citing *Rehaif*, 139 S. Ct. at 2198). As explained further below, the record contains sufficient evidence to find that Petitioner had knowledge of his status under § 922(g)(1). Further, there is no evidence in the record to suggest that Petitioner would have not decided to plead guilty.

Ultimately, Petitioner has failed to properly present an argument to excuse the procedural default under the cause-and-prejudice exception. And, in the alternative, the record does not evidence either cause or prejudice.

6

### ii.     Actual Innocence

Petitioner addresses the actual innocence exception, but his argument misses the mark. The actual innocence exception is exceedingly narrow and reserved only for extraordinary cases. *McKay*, 657 F.3d 1190, 1198-99 (11th Cir. 2011); *see Sawyer v. Whitley*, 505 U.S. 333, 341 (1992). Actual innocence is more than mere legal insufficiency; it means factual innocence. *Bousley*, 523 U.S. at 623; *McKay*, 657 F.3d at 1197. More specifically, to prove actual innocence from a § 922(g)(1) conviction after *Rehaif*, a petitioner must show he had no knowledge that he had been convicted of a felony at the time he possessed a firearm. 139 S. Ct. at 2200. However, "[m]ost people convicted of a felony know that they are felons," especially when they have been convicted of multiple felonies. *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) (reasoning that multiple previous felony convictions is "powerful evidence that [a defendant] knew he was a felon").

In this case, Petitioner contends that he did not know he had been convicted of a felony at the time he possessed a firearm. (Doc. #10 at 4). But, the record indicates that Petitioner had previously been convicted of three separate felony offenses. (Doc. # 13 at 6). Further, Petitioner was previously sentenced to 115 months for one of his previous felony convictions, and he actually served two years for that conviction. (Doc. # 13 at 6); *see Innocent*, 977 F.3d at 1083 ("[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status.").

Petitioner does not offer any evidence or raise any argument to the contrary, and thus he has failed to demonstrate that he did not have knowledge of his status as a felon at the time he possessed a firearm under 18 USC § 922(g)(1). (Doc. # 10). Therefore, Petitioner has not satisfied the exceedingly narrow actual innocence exception.

## IV. CONCLUSION

Petitioner did not raise a *Rehaif* argument on direct appeal. In response to the pending motion, the government timely and appropriately asserted the defense of procedural default. Petitioner has not shown that either exception to procedural default applies here. Therefore, Petitioner has not stated a cognizable claim that entitles him to relief or an evidentiary hearing. Accordingly, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 10) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this July 12, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE